UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO GARCIA MILLAN,<br><br>        Petitioner,<br><br>   v.<br><br>HERNANDEZ, Warden,<br><br>        Respondent. | Civil No. 08cv1185-L (PCL)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

   Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, but has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254. If Petitioner wishes to proceed with this case, he must submit, **no later than September 8, 2008,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee.

   Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28

1. U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in Duncan v. Henry, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." Id. at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." Id. at 366 (emphasis added).

Here, Petitioner has not indicated that he has exhausted state judicial remedies. Nowhere in the Petition does Petitioner allege that he raised his claims in the California Supreme Court. Rather, he appears to contend that because he pled guilty he was unable to present his claims to the California Supreme Court on direct appeal. (See Pet. at 8.) However, he has not indicated whether he has presented his claims to the California Supreme Court on post-conviction collateral review, has not alleged why that procedure is not available to him, and has therefore failed to allege exhaustion of available state court remedies. If Petitioner has raised his claims in the California Supreme Court he must so specify. The burden of pleading that a claim has been exhausted lies with the petitioner. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

          (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

          (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999). <u>But see</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

## **CONCLUSION**

Based on the foregoing, the Court **DISMISSES** this action without prejudice because Petitioner has failed to satisfy the filing fee requirement and has failed to allege exhaustion of state judicial remedies. To have this case reopened, Petitioner must satisfy the filing fee requirement <u>and</u> file a First Amended Petition that cures the pleading deficiencies set forth above no later than **September 8, 2008**.

Further, Petitioner is advised that if he has not alleged exhaustion of his state court remedies before **September 8, 2008**, he will have to start over by filing a completely new habeas

/ / /

/ / /

petition in this Court. See In re Turner, 101 F.3d 1323 (9th Cir. 1997). The Clerk of Court shall send a blank Southern District of California In Forma Pauperis Application and a blank Southern District of California amended petition form to Petitioner along with a copy of this Order.

**IT IS SO ORDERED.**

DATED: July 7, 2008

M. James Lorenz
United States District Court Judge

cc: ALL PARTIES