1
2
3
4
5
6
7
8       **UNITED STATES DISTRICT COURT**

9       **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   LEONARDO GARCIA MILLAN,              Civil No.    08-1185 L (PCL)

12                          Petitioner,

13            v.                          **ORDER DISMISSING CASE**
                                          **WITHOUT PREJUDICE**
14   HERNANDEZ, Warden,

15                          Respondent.

16

17         On July 2, 2008, Petitioner, a state prisoner proceeding pro se, has filed a Petition for a

18   Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  On July 8, 2008, the Court dismissed the

19   action because Petitioner had failed to satisfy the filing fee requirement and had failed to allege

20   exhaustion of state judicial remedies.  The Court notified Petitioner that, in order to have his case

21   reopened, he must, by September 8, 2008, (1) pay the filing fee or provide adequate proof of his

22   inability to pay and (2) file a First Amended Petition curing the pleading deficiencies outlined

23   in the July 8, 2008 Order.  Petitioner was also cautioned that, if he was unable to allege

24   exhaustion of state judicial remedies by September 8, 2008, his case would be dismissed without

25   leave to amend and that and he would have to start over by filing a new case under a new case

26   number.

27   / / /

28   / / /

On August 28, 2008, Petitioner paid the filing fee and filed a First Amended Petition. Review of the First Amended Petition reveals that Petitioner has again failed to allege exhaustion of state court remedies.  As discussed in this Court's July 8, 2008 Order, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).  To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34.  Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated.  The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned:  "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution."  *Id.* at 365-66 (emphasis added).  For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court."  *Id.* at 366 (emphasis added).

Here, Petitioner has not indicated that he has exhausted state judicial remedies.  Nowhere in the Petition does Petitioner allege that he raised his claims in the California Supreme Court. In fact, Petitioner specifically states that he has not raised these claims before the state supreme court.  (Pet. at 6-9.)  If Petitioner has raised his claims in the California Supreme Court he must so specify.  The burden of pleading that a claim has been exhausted lies with the petitioner. *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of:

/ / /

1
2

        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3
4
5

        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

6
7

        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

8
9

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

10   28 U.S.C. § 2244(d)(1)(A)-(D) (West 2006).

11      The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition

12   is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

13   *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed'

14   when its delivery and acceptance [by the appropriate court officer for placement into the record]

15   are in compliance with the applicable laws and rules governing filings."). However, absent some

16   other basis for tolling, the statute of limitations does run while a federal habeas petition is

17   pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

18      Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a

19   habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that

20   the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254.

21   Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas

22   relief because he has not alleged exhaustion of state court remedies. Further, it is now clear that

23   Petitioner is unable to allege exhaustion of his state court remedies at this time. Therefore, the

24   First Amended Petition is **DISMISSED** without further leave to amend. However, the dismissal

25   / / /

26   / / /

27   / / /

28   / / /

1  is without prejudice to Petitioner to present his claims in a separate habeas petition, which will

2  be given a new civil case number, if and when he exhausts his state court remedies.

3  _____**CONCLUSION**

4      For the foregoing reasons, the Court **DISMISSES** this case without prejudice and without

5  further leave to amend.  If Petitioner wishes to proceed with this claims, he may file a new

6  habeas petition, which will be given a new civil case number, if and when he exhausts his state

7  court remedies.

8      **IT IS SO ORDERED.**

9

10  **DATED:  September 9, 2008**

11                                                              _____
                                                                **M. James Lorenz**
12                                                              **United States District Court Judge**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

K:\COMMON\EVERYONE\_EFILE-PROSE\L08\cv1185-dismiss2.wpd, 998                          -4-                                          08cv1185